BARBARA WEBSTER, Plaintiff-Appellant, *v.* ROGER HEIM, Defendant-Appellee.—(KIM LEAVITT, Defendant.)

Third District   No. 79-382

Opinion filed January 15, 1980.

Larry T. Frantz, of Raymond C. Rose, Ltd., of Peoria, for appellant.

Daniel L. Furrh and Maximillian Prusak, both of Goldsworthy, Fifield & Gorman, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Peoria County, Illinois, dismissing the second amended complaint for failure to state a cause of action.

On December 11, 1976, Webster leased from Heim a second-floor apartment located in Peoria, Illinois. On December 24, 1976, at 2 a.m., a fire broke out in a first-floor apartment. The only exit from the second floor was a stairway leading from the first to the second floor. There were no fire doors enclosing this stairway and no smoke detectors in the building. The fire spread up the stairway, preventing its use as a means of escape. In order to escape the fire, Webster jumped from the second floor and was seriously injured.

On January 13, 1978, Webster filed suit alleging negligence in the maintenance of the common areas and alternatively that there were undisclosed defects on the premises. On January 17, 1979, a second amended complaint was filed. On January 25, 1979, Heim filed a motion to dismiss or strike. On May 1, 1979, an order of dismissal was entered.

On appeal Webster raises these issues: (1) whether the complaint stated a cause of action, and (2) whether this court should reject the common-law rule of the nonliability of a landlord for injuries to a tenant, and instead adopt a rule of reasonable care in such cases.

In count I of her second amended complaint Webster alleged that Heim owed her a duty of ordinary care to keep the common areas of the building in a reasonably safe condition and that he violated that duty by providing only one means of exit from the second floor of the building, in failing to install fire doors to prevent the spread of flames and fumes up the stairway, and in failing to install a smoke or fire detection system.

In count III Webster alleges that Heim had a duty to advise her of existing defects on the premises which were not readily apparent. Count III of the amended complaint alleges that latent defects were in existence on the premises, to-wit, inadequacy of exits, lack of fire doors, rapidly combustible furniture and inadequate wiring. It is Webster's contention that the landlord Heim knew or should have known of the defects and that he was therefore negligent and as a consequence liable.

■■ Webster argues that Heim is liable for her injuries under the "common areas" rule. In multiple-unit dwellings, a landlord owes his tenants a duty of reasonable care in the management and maintenance of areas open for use by all tenants, and not part of the premises occupied by one tenant. (*Meiners v. Moyer* (1970), 119 Ill. App. 2d 94, 255 N.E.2d 201.) Webster further argues that even though the injury may occur on that part of the premises occupied by one tenant, a landlord may be liable if the injury occurs because he was negligent in the management and main-tenance of a common area. (*Mangan v. F. C. Pilgrim & Co.* (1975), 32 Ill.

App. 3d 563, 336 N.E.2d 374.) Webster argues that this theory was pled in count I of her second amended complaint.

At common law a landlord had no duty to anticipate that his property might be damaged by fire (*Dodd v. Nazarowski* (1972), 4 Ill. App. 3d 173, 280 N.E.2d 540) and no duty to the occupants of the property to provide proper exits for escape from a fire (*Mazzu v. Darojo Realty Co.* (1938), 254 App. Div. 633, 3 N.Y.S.2d 90). Failure to provide fire exits, smoke detection devices, and fire doors was not negligence at common law. Therefore any claim for damage resulting from a fire and based on that failure must be predicated upon a statute which creates liability. No such statute was pled. When one has no duty to perform, failure to perform in that manner is not actionable negligence.

Webster further alleges that a landlord may be liable to his tenant if, at the time of the leasing, a latent defect exists on the premises which was known or in the exercise of ordinary care should have been known to the landlord, and which cannot be discovered by reasonable examination of the premises by the tenant. (*Woods v. Lawndale Enterprises, Inc.* (1939), 302 Ill. App. 570, 24 N.E.2d 193.) She alleges that the latent defects were the single exit, lack of fire doors, readily combustible furniture provided to other tenants, and inadequate wiring.

We believe that Webster could easily determine that there was only one exit from the second floor and that there were no fire doors. Therefore we do not find that these are latent defects. She argues that even if lack of fire doors is not a latent defect, failure to advise her that the lack of fire doors would enhance the spread of flames and fumes is a latent defect. We do not agree. If a defect is not latent, we find no duty to advise of the consequence of the defect. Further, we do not find that providing rapidly combustible furniture to other tenants was a latent defect. We realize that the furnishings of other tenants may not have been readily available for examination by Webster. However, unless she can allege that the fire originated in the furnishings, we do not find that providing readily combustible furniture to other tenants is a latent defect. Webster also alleged that there was inadequate wiring in the building. Since she has indicated in oral argument that she does not wish to pursue that allegation, we make no further comment.

Based upon tort law in Illinois today, we find that Webster did not state a cause of action in her second amended complaint.

Webster argues that the common-law rule of nonliability of landlords for injuries to tenants should be rejected and a rule of reasonable care adopted. In support of this contention she relies heavily on the case of *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208. The complaint in *Jack Spring* was for forcible entry and detainer in which the tenant wanted repairs made to the premises before she would pay the

318

rent. It was not a claim for personal injury. The Fifth District considered whether *Jack Spring* should be extended to personal injury claims and found that it should not. (*Dapkunas v. Cagle* (1976), 42 Ill. App. 3d 644, 356 N.E.2d 575.) We agree.

Webster urges us to make a fundamental change in the well-established law of this State. We are not persuaded by her arguments that the present law is so inequitable as to dictate or demand a change and hence will not comply with her request.

For the reasons stated above, the judgment of the circuit court of Peoria County is hereby affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.