DAVID BYBEE, Adm'r of the Estate of Jessie Bybee, Deceased, *et al.*, Plaintiffs-Appellees, v. THOMAS O'HAGEN, Indiv. and d/b/a Loami Lakes Estate, Defendant-Appellant (Barbara Hart *et al.*, Defendants).

Fourth District   No. 4—92—0787

Opinion filed April 8, 1993.

Stratton, Dobbs & Nardulli, of Springfield (A. Michael Kopec, of counsel), for appellant.

Jerome Mirza & Associates, Ltd., of Bloomington (David V. Dorris, of counsel), for appellees.

JUSTICE COOK delivered the opinion of the court:

Plaintiffs seek damages resulting from a February 18, 1990, fire at the mobile home in which they resided. Counts I, III, V, and VII of plaintiffs' fourth-amended complaint allege damages resulting from their landlord's (defendant Thomas O'Hagen's) violation of the Smoke Detector Act (Act) (Ill. Rev. Stat. 1989, ch. 127½, par. 801 *et seq.*). Defendant filed a motion to dismiss based on plaintiffs' failure to allege negligence or lack of due care, and contending a mere violation of the Act does not create an implied cause of action based on strict liability. The trial court denied the motion to dismiss and subsequently denied defendant's motion for reconsideration, stating:

"[T]his is an appropriate instance for implying a private cause of action in order to further the policy behind the statute of having smoke detectors placed in all dwelling units.

*** The allegations here are that the owner failed to provide a smoke detector, and, accordingly, as to that allegation I am of the opinion that a theory of absolute liability is appropriate."

The trial court certified for appeal the questions (1) whether a private cause of action exists based on the Act, and (2) whether any such cause of action is one in strict liability. This court allowed defendant's permissive interlocutory appeal pursuant to Illinois Supreme Court Rule 308. 134 Ill. 2d R. 308.

## I. THE ACT CREATES AN IMPLIED PRIVATE CAUSE
## OF ACTION

The installation of smoke detectors is required by the Act:

"Every dwelling unit shall be equipped with at least one approved smoke detector in an operating condition within 15 feet

of every room used for sleeping purposes." (Ill. Rev. Stat. 1989, ch. 127½, par. 803(a).)

The Act establishes specific duties for both owners and tenants:

"It shall be the responsibility of the owner of a structure to supply and install all required detectors. *** It shall be the responsibility of a tenant to test and to provide general maintenance for the detectors within the tenant's dwelling unit or rooming unit, and to notify the owner or the authorized agent of the owner in writing of any deficiencies which the tenant cannot correct." (Ill. Rev. Stat. 1989, ch. 127½, par. 803(d).)

The Act also provides for criminal penalties:

"Willful failure to install or maintain in operating condition any smoke detector required by this Act shall be a Class B misdemeanor." (Ill. Rev. Stat. 1989, ch. 127½, par. 804(a).)

The Act does not expressly authorize individuals to bring a private right of action for violations. Plaintiffs, however, argue that a private right of action should be implied. "Clearly, provision of a criminal penalty does not necessarily *preclude* implication of a private cause of action for damages." (Emphasis in original.) *Cort v. Ash* (1975), 422 U.S. 66, 79, 45 L. Ed. 2d 26, 37, 95 S. Ct. 2080, 2088; see also *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 155, 128 N.E.2d 691, 693; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 185, 384 N.E.2d 353, 359.

We first address two general principles, the first being that:

"Generally, a landlord is not liable for injuries sustained by a tenant as a result of a defective condition within the four corners of the demised premises. [Citation.] There are, however, five notable exceptions to this rule: (1) a latent defect existed at the time of the leasing which lessor should have known about; (2) a fraudulent concealment by a landlord of a dangerous condition; (3) the defect causing the harm amounts to a nuisance; (4) the landlord makes a promise to repair a condition at the time of leasing; and (5) the landlord violates a statutory requirement of which tenant is in the class designed to be protected and the resulting harm is reasonably foreseeable." (*Moreno v. Balmoral Racing Club, Inc.* (1991), 217 Ill. App. 3d 365, 367, 577 N.E.2d 179, 180-81.)

The second rule is that the violation of a statute designed to protect human life or property is *prima facie* evidence of negligence. A party injured by such a violation may recover by showing the violation proximately caused the injury, the statute was intended to protect individ-

uals from the kind of injury suffered, and the injured party belonged to the class of persons whom the rule was intended to protect from injury. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 78-79, 117 N.E.2d 74, 78; *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 238, 507 N.E.2d 1193, 1198; *Moreno*, 217 Ill. App. 3d at 368, 577 N.E.2d at 181 (landlord's duty to tenant); *Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 434-35, 581 N.E.2d 656, 661; Illinois Pattern Jury Instructions, Civil, No. 60.01 (3d ed. 1992).

■ Plaintiffs were members of the class for whose benefit the Act was enacted, and their injury is one the Act was designed to prevent. Plaintiffs allege a fire in the mobile home they were leasing caused injury and death. A reasonable interpretation of the Act is that it is intended to protect inhabitants of dwellings from smoke or fire injuries. The first district recently determined the Act "appears to be intended to protect the lives and property only of the occupants of the dwelling units in which the smoke detectors are required." (*Uehara v. Schlade* (1992), 236 Ill. App. 3d 252, 264, 603 N.E.2d 646, 653.) As plaintiffs are within the class recognized by *Uehara*, we need not decide whether we would define the class so narrowly. In addition, we find that a private cause of action is consistent with the underlying purpose of the Act. (See *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849 (allowing an implied private cause of action based on a violation of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1977, ch. 111, par. 5701 *et seq.*)); *Corgan v. Muehling* (1991), 143 Ill. 2d 296, 574 N.E.2d 602 (allowing an implied private cause of action based on a violation of the Psychologist Registration Act (Ill. Rev. Stat. 1981, ch. 111, par. 5301 *et seq.*)); *Rodgers v. St. Mary's Hospital* (1992), 149 Ill. 2d 302, 597 N.E.2d 616 (allowing an implied private cause of action under the X-Ray Retention Act (Ill. Rev. Stat. 1987, ch. 111½, par. 157—11)); *cf. Rhodes v. Mill Race Inn, Inc.* (1984), 126 Ill. App. 3d 1024, 1027, 467 N.E.2d 915, 917 (Safety Glazing Materials Act (Ill. Rev. Stat. 1981, ch. 111½, par. 3101 *et seq.*) "prohibitory in nature, rather than remedial"; therefore, private right of action beyond scope of statute and "thus is not consistent with its purpose").) As in *Rodgers* and *Corgan*, nothing in the statute suggests that the legislature intended to limit the available remedies for violations of the Smoke Detector Act. We follow the supreme court's decisions in *Sawyer, Corgan,* and *Rodgers,* and hold that an implied private cause of action is consistent with the Smoke Detector Act.

Implication of a private right of action is necessary to provide an adequate remedy at law under the Act. (See *Cort*, 422 U.S. at 78, 45 L. Ed. 2d at 36-37, 95 S. Ct. at 2088; *Rodgers*, 149 Ill. 2d at 308, 597 N.E.2d at 619; *Sawyer*, 89 Ill. 2d at 391, 432 N.E.2d at 854-55; *Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 419, 484 N.E.2d 473, 478; see also Restatement (Second) of Torts §874A, Comment *h*, at 308-10 (1979).) Defendant argues plaintiffs could have brought a negligence action under the Premises Liability Act (Ill. Rev. Stat. 1989, ch. 80, par. 301 *et seq.*) for failure to exercise reasonable care or to warn of a defect. We disagree. As the full title states, the Premises Liability Act "regulate[s] the duty which an occupier of a premises owes to his visitors" (Ill. Rev. Stat. 1989, ch. 80, par. 301 *et seq.*). It does not regulate the landlord-tenant relationship. Nor was there a common law duty for a landlord to provide a smoke detector. (*Webster v. Heim* (1980), 80 Ill. App. 3d 315, 317, 399 N.E.2d 690, 691-92; *Galayda v. Penman* (1980), 80 Ill. App. 3d 423, 426, 399 N.E.2d 656, 658.) As mentioned previously, the general rule is that a landlord is not liable for injuries to a tenant resulting from defective conditions where the premises are wholly demised. One of the exceptions to that general rule is where the injury results from the violation of a statute or ordinance which prescribes a duty for the protection and safety of persons or property. *Magnotti v. Hughes* (1978), 57 Ill. App. 3d 1000, 1004, 373 N.E.2d 801, 804; *Webster*, 80 Ill. App. 3d at 317, 399 N.E.2d at 692; *Moreno*, 217 Ill. App. 3d at 367, 577 N.E.2d at 181.

In *Galayda*, *Magnotti*, and *Webster* plaintiffs brought negligence actions against landlords for injuries sustained from fires at the leasehold. In these cases the complaints were dismissed for failure to state a cause of action. In *Magnotti*, the court stated that "[n]o 'rule' is suggested which would require a lessor to provide fire extinguishers, smoke detectors, or other warning devices." (*Magnotti*, 57 Ill. App. 3d at 1006, 373 N.E.2d at 805.) In *Galayda*, this court held that "at common law the owner of land was not required to anticipate a fire upon his premises. It therefore follows that in the absence of some statute, rule or regulation, neither is he required to maintain an alarm or detection system for fire." (*Galayda*, 80 Ill. App. 3d at 426, 399 N.E.2d at 658.) *Magnotti*, *Webster*, and *Galayda* were decided prior to the Act's requirement that "[e]very dwelling unit shall be equipped with at least one approved smoke detector in an operating condition within 15 feet of every room used for sleeping purposes." (Ill. Rev. Stat. 1989, ch. 127½, par. 803(a).) There is now an exception to the general rule of landlord immunity; tenants have a cause of action where their landlord has violated the Act.

## II. THE IMPLIED PRIVATE CAUSE OF ACTION CREATED UNDER THE ACT IS NOT BASED ON STRICT LIABILITY

It is easy to argue that a criminal statute imposing no more than a small fine should impose an absolute duty in a tort action, even for large damages, where the statute recognizes no excuse for its violation. Statutes are usually not so interpreted, however. (See W. Keeton, Prosser & Keeton on Torts §36, at 227 (5th ed. 1984).) Strict liability has been imposed to protect the public in situations where people would be unable to protect themselves, such as child labor violations and inherently dangerous activities; where the public would not be in a position to realize the risk until the harm had already occurred, as in the regulation of train equipment, scaffolding acts, and pure food cases; and where there are hidden defects, such as building code violations and regulations on automobile brakes. (See W. Keeton, Prosser & Keeton on Torts §36, at 227-28 (5th ed. 1984); *Gorczynski v. Nugent* (1948), 402 Ill. 147, 83 N.E.2d 495; *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Jackson v. Nestle-Beich, Inc.* (1992), 147 Ill. 2d 408, 589 N.E.2d 547.) Normally, however, violation of a statute is not a strict liability tort unless the court finds that the legislature clearly intended to impose strict liability. "In the ordinary case, all that is required is reasonable diligence to obey the statute, and it frequently has been recognized that a violation of the law may be reasonable, and may be excused." W. Keeton, Prosser & Keeton on Torts §36, at 228 (5th ed. 1984).

■ Plaintiffs have presented no evidence indicating that the legislature intended to impose strict liability for a violation of the Act. While imposition of strict liability upon a landlord under the Act would encourage the use of smoke detectors, plaintiffs have not shown that the legislature clearly intended to impose strict liability for such a violation. The Act provides that *"[w]illful* failure to install or maintain in operating condition any smoke detector required by this Act shall be a Class B misdemeanor." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 127½, par. 804(a).) It seems unlikely the legislature intended a strict liability tort action when it provided a criminal penalty only for a *willful* failure to install or maintain a smoke detector. Further, the lack of a smoke detector cannot be considered a hidden danger, or such an unreasonable danger that a plaintiff could not realize the risk involved. (*E.g., Spivey v. Brown* (1986), 150 Ill. App. 3d 139, 144, 502 N.E.2d 23, 26 ("In this case, the fireplace, in its normal state, was not an inherently dangerous instrument").) To impose strict

liability the danger must go beyond that which would be contemplated by the ordinary consumer. Restatement (Second) of Torts §402A, Comment *i*, at 352-53 (1965); *Becker v. Aquaslide 'N' Dive Corp.* (1975), 35 Ill. App. 3d 479, 489, 341 N.E.2d 369, 376.

We hold the implied private cause of action created by the Act is a negligence action and not a strict liability action. This cause is remanded to the circuit court for further proceedings consistent with this opinion.

Certified questions answered; cause remanded.

McCULLOUGH and LUND, JJ., concur.