2021 IL App (1st) 200370-U

THIRD DIVISION
February 24, 2021

No. 1-20-0370

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOSEPH WARE, as Independent Administrator of The Estate of Evoughn Ware, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| HOME OPPORTUNITY, LLC, JOHNNY EWING, and TRACY MARCHMAN, | ) ) ) | No. 17 L 6009 |
| Defendants. | ) ) | |
| (Home Opportunity, LLC, | ) ) | Honorable Thomas V. Lyons II, |
| Defendant-Appellant.) | ) | Judge Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

ORDER

¶ 1   *Held*: Following a jury trial, the jury returned a verdict for the plaintiff. Defendant did not file a posttrial motion to raise any issues concerning the conduct of the trial or any other matters. Defendant, therefore, forfeited the issues it now raises on appeal, and defendant has provided no other persuasive justification for disturbing the jury's verdict.

¶ 2    Plaintiff Joseph Ware is the administrator of the estate of his mother, Evoughn Ware, who was killed in a fire at her residence. Defendant Home Opportunity was the owner of the residence at the time of the fire. Before trial, Home Opportunity filed a motion for summary judgment arguing that it could not be liable for Ms. Ware's death because it did not possess or control the property. Thus, Home Opportunity contended, it did not owe Ms. Ware a duty of care and it was entitled to judgment as a matter of law. The circuit court denied the motion for summary judgment.

¶ 3    The case proceeded to a jury trial. At trial, Home Opportunity argued to the jury that it should not be found liable for Ms. Ware's death because it did not possess or control the property. The jury found Home Opportunity not liable on plaintiff's claims for general negligence, but the jury found Home Opportunity liable for a violation of the Smoke Detector Act (425 ILCS 60/1 *et seq.* (West 2018)). The Smoke Detector Act makes the owner of property responsible for supplying and installing smoke detectors in dwelling units and for making reasonable efforts to test and maintain all required detectors in common stairwells and hallways. 425 ILCS 60/3 (West 2018); *Bybee v. O'Hagen*, 243 Ill. App. 3d 49, 52 (1993). The circuit court entered judgment on the jury's verdict.

¶ 4    Home Opportunity now appeals the adverse judgment arguing that the circuit court should have granted its motion for summary judgment. Home Opportunity also argues that the trial judge misstated the law to the jury when he instructed the jury about the requirements of the Smoke Detector Act. Home Opportunity did not file a posttrial motion in the circuit court and it, therefore, forfeited the arguments it now raises on appeal. Home Opportunity provides no other persuasive basis for disturbing the jury's verdict and, accordingly, we affirm.

¶ 5                                    BACKGROUND

¶ 6    Plaintiff Joseph Ware is the administrator of the Estate of Evoughn Ware, his mother, who died in a house fire in October 2016. The house was owned by Defendant Home Opportunity, LLC. Plaintiff asserted claims against several companies and individuals throughout the beginning stages of this case because the ownership of the property and the circumstances that led to Ms. Ware residing at the property were initially somewhat indefinite.

¶ 7    The house that caught fire is located at 6029 South Throop Street in Chicago. A company named Home Solutions Partners III REO, LLC was the owner of the property at the beginning of the period relevant to this case. On December 3, 2009, Home Solutions Partners III sold the property to Johnnie Ewing and Tracy Marchman under an installment contract. Ewing and Marchman were to receive the deed to the property and free and clear ownership of the property after making all the required installment payments. In June 2012, while the installment contract was in effect, Home Solutions Partners III sold the property to Transportation Alliance Bank. The following year, in November 2013, Transportation Alliance Bank sold the property to Home Opportunity, LLC, the defendant in this case and the legal owner of the property at the time of the fire. Evoughn Ware apparently leased a space in the building from Johnnie Ewing and Tracy Marchman.

¶ 8    Plaintiff Joseph Ware filed this case, originally asserting claims against Ewing, Marchman, and Transportation Alliance Bank. Plaintiff later amended his complaint to assert claims against others, including Home Opportunity. The premise of plaintiff's originally asserted claims against Home Opportunity was that Home Opportunity negligently maintained the property by, among other things, failing to equip the property with functioning smoke detectors and failing to provide for safe egress from the property in case of a fire.

¶ 9    Home Opportunity moved for summary judgment, arguing that it could not be liable because it did not possess or control the property. Home Opportunity admitted that it was the legal owner of the property as it held the deed to the property, but it maintained that it did not owe a duty of care to Evoughn Ware because Ewing and Marchman were the equitable owners under the installment contract. Home Opportunity pointed out that Ewing and Marchman took the property "as is" and were responsible for the maintenance and safety of the premises. Home Opportunity argued that, under circumstances like the ones in this case, "liability depends on possession and control, not ownership, so whether Home Opportunity *** had legal title to the property is not dispositive." The circuit court denied the motion for summary judgment.

¶ 10    After the motion for summary judgment was denied, but before trial, plaintiff amended his complaint. In the fourth amended complaint, which was the operative complaint for the trial in this case, plaintiff asserted claims against Home Opportunity under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2018)) (Count I), the Survival Act (755 ILCS 5/27-6 (West 2018)) (Count II), and, for the first time in the course of the case, the Smoke Detector Act (425 ILCS 60/1 *et seq.* (West 2018)) (Count III). The case proceeded to a jury trial.

¶ 11    At trial, the evidence showed that there was only one smoke detector in the entire building and it was not operational. The property was overcrowded, with tenants leasing individual rooms in the building, and the residents were using various individual space heaters to keep their respective portions of the building heated. A lieutenant from the City of Chicago Office of Fire Investigation testified that the fire was caused by an unsafe electrical system which was "a disaster waiting to happen." Like in its motion for summary judgment, Home Opportunity argued to the jury at trial that it should not be found liable because it did not possess or control the property.

¶ 12    The jury found Home Opportunity not liable under counts I and II, which were for general negligence under theories of wrongful death and survival, respectively. The jury found Home Opportunity liable under count III for violating the Smoke Detector Act (425 ILCS 60/1 *et seq*. (West 2018)). The jury awarded plaintiff $9,689,948.18. The circuit court entered judgment on that verdict. Home Opportunity now appeals.

¶ 13    On appeal, Home Opportunity argues that the circuit court erred when it denied its motion for summary judgment. Home Opportunity contends that it was entitled to a judgment as a matter of law because it was merely the deed holder and legal owner of the property, but it exercised no possession or control over the property. Home Opportunity asks us to reverse the judgment entered by the circuit court and remand the case with instructions that the circuit court enter judgment in its favor. Home Opportunity further argues that the circuit court erred when it instructed the jury about the claim under the Smoke Detector Act. Home Opportunity contends that the instruction given by the circuit court was erroneous because it conveyed to the jury that plaintiff did not have to prove that Home Opportunity possessed and controlled the property as a prerequisite for liability.

¶ 14    Plaintiff filed a motion to dismiss this appeal. In his motion, plaintiff argues that Home Opportunity forfeited the issues it raises on appeal by failing to file a posttrial motion. In response, Home Opportunity argues that it has not forfeited the issues it raises on appeal, and it urges us to set aside the judgment entered by the circuit court following the jury trial.

¶ 15                                  ANALYSIS

¶ 16    We begin by addressing the issue of forfeiture that plaintiff raised in a motion to dismiss the appeal and also discusses at length in his response brief. The motion to dismiss the appeal

was fully briefed by the parties.[1] In his motion, plaintiff argues that the appeal should be dismissed because Home Opportunity did not file a posttrial motion in which it could have and should have raised the issues it now raises on appeal. The general rule is that, in a case tried by a jury, a party must file a posttrial motion if it wants to preserve matters for appeal. *Barry Mogul & Assocs., Inc. v. Terrestris Development Co.*, 267 Ill. App. 3d 742, 755 (1994).

¶ 17     Home Opportunity raises two issues in this appeal: that the trial court erred when it denied the motion for summary judgment; and that the trial court erred when it instructed the jury about the legal requirements of the Smoke Detector Act (425 ILCS 60/1 *et seq*. (West 2018)). As to the issue of the jury instruction, it is clear that Home Opportunity forfeited the issue by failing to file a posttrial motion raising the issue.

¶ 18     The issue Home Opportunity raises regarding the jury instruction falls squarely within the scope of issues that must be raised in a posttrial motion in order to be preserved for appellate review. In its appeal, Home Opportunity argues that the circuit court erred when it instructed the jury about what the plaintiff must prove to establish liability under the Smoke Detector Act. Home Opportunity contends that the jury instruction that the circuit court gave to the jury on this issue was a misstatement of the law. According to Home Opportunity, the circuit court should have instructed the jury that the jury was required to find that Home Opportunity possessed and controlled the property as a prerequisite to liability under the Smoke Detector Act.

¶ 19     Our supreme court has made clear that the failure to raise the issue of an allegedly deficient jury instruction in a posttrial motion results in the forfeiture of that objection on appeal. *Brown v. Decatur Memorial Hospital*, 83 Ill. 2d 344, 348 (1980). Our courts have frequently

---

[1] The issues raised in plaintiff's motion to dismiss are addressed fully by this order. Accordingly, plaintiff's motion to dismiss is denied, but that denial is without prejudice to the merit of the issues raised in the motion to dismiss.

found forfeiture where a party does not raise an objection to jury instructions with *enough specificity* in a posttrial motion (see, *e.g.*, *Webber v. Wight & Co.*, 368 Ill. App. 3d 1007, 1016-18 (2006)) and in this case Home Opportunity filed no posttrial motion at all.

¶ 20    Moreover, the relief that a party is entitled to receive when a circuit court errs in giving jury instructions is a new trial. *Ellig v. Delnor Community Hospital*, 237 Ill. App. 3d 396, 408 (1992). The Code of Civil Procedure specifically states that, when a case is tried by a jury, "[a]ny party who fails to seek a new trial in his or her post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict." 735 ILCS 5/2-1202(e) (West 2018); see also Ill. S. Ct. R. 366(b)(2)(iii) (eff. Feb. 1, 1994). Furthermore, in its briefing on appeal and in response to plaintiff's motion to dismiss, Home Opportunity does not make any specific claim that it properly preserved the jury instruction issue for review. It is clearly apparent that Home Opportunity failed to preserve its challenge to the propriety of the jury instructions and has forfeited its right to raise this issue on appeal. See *Arient v. Shaik*, 2015 IL App (1st) 133969, ¶ 34 ("With the language of the statute and rule so clear, it is then no surprise that the courts have consistently held for decades that the failure to file a posttrial motion in a jury case results in forfeiture.").

¶ 21    The other issue Home Opportunity raises on appeal is that the circuit court erred when it denied the motion for summary judgment that Home Opportunity filed prior to trial. Like the issue Home Opportunity raises about the conduct of the trial (*i.e.*, the jury instructions), the issue of its denied motion for summary judgment is forfeited on appeal because Home Opportunity failed to raise the issue in a posttrial motion. *Wade v. Rich*, 249 Ill. App. 3d 581, 591 (1993). In *Wade*, the plaintiff argued on appeal that the trial court erred when it denied its motion for

summary judgment. *Id*. We explained that the plaintiff forfeited that issue on appeal by failing to raise it in a posttrial motion. *Id.*; see also *Nilsson v. NBD Bank of Illinois*, 313 Ill. App. 3d 751, 767 (1999) (when the trial court denies a defendant's motion for summary judgment and the defendant is later found liable in a jury trial, the defendant forfeits the issues raised in his summary judgment motion for purposes of appeal if the defendant does not file a posttrial motion).

¶ 22    Home Opportunity argues that an exception to the rule requiring a posttrial motion exists where the issue raised in the summary judgment motion presents a question of law and, therefore, would not be decided by the jury (citing *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 42). In *Young*, we explained that pure questions of law that are not presented to the jury can be reviewed on appeal despite the failure to file a posttrial motion. *Young*, 2015 IL App (1st) 131887, ¶ 43. Here, however, Home Opportunity specifically presented the same question to the jury that it presented in its motion for summary judgment.

¶ 23    In its motion for summary judgment, Home Opportunity argued that it was entitled to a judgment as a matter of law because it never possessed or controlled the property and, thus, owed no duty to Evoughn Ware for purposes of a negligence claim. At trial, Home Opportunity likewise urged the jury to find it not liable for Ms. Ware's death because it never possessed or controlled the property where the fire occurred. In its response to plaintiff's motion to dismiss the appeal, Home Opportunity admitted that "Home Opportunity's defense at trial was the same one it raised in the summary judgment motion - - that no liability can exist without possession and control of real property."

¶ 24    In addition to the forfeiture of this issue, another problem with Home Opportunity's position on appeal is that its motion for summary judgment did not in any way address plaintiff's

claim under the Smoke Detector Act. Indeed, plaintiff amended his complaint to add the claim under the Smoke Detector Act after the motion for summary judgment was fully adjudicated. The arguments that Home Opportunity asserted in its motion for summary judgment were specifically directed at the plaintiff's claims for general negligence, not at plaintiff's claim for a violation of the Smoke Detector Act.

¶ 25    At trial, the only claim upon which Home Opportunity was found to be liable was the claim brought under the Smoke Detector Act. However, once plaintiff formally asserted the claim under the Smoke Detector Act, Home Opportunity never raised a proper legal challenge to the applicability of the Smoke Detector Act to its status as the property owner at any point in the trial court. In fact, aside from the jury instruction conference, the only way in which Home Opportunity ever challenged the applicability of the Smoke Detector Act was when it argued to the jury about the applicability of the Act to a property owner in its position.

¶ 26    The record shows that Home Opportunity did not answer the operative complaint after it was filed and after plaintiff asserted a claim under the Smoke Detector Act for the first time. Home Opportunity never filed a motion for summary judgment that addressed plaintiff's claim under the Smoke Detector Act. At trial, Home Opportunity did not move for a directed finding on the Smoke Detector Act claim after evidence was presented in order to argue that plaintiff had failed to present evidence that would support the legal requirements of the claim. After trial, Home Opportunity did not file a motion seeking a judgment notwithstanding the verdict on the Smoke Detector Act claim in order to argue that it could not be liable under the Act as a matter of law. Then, after failing to address the Smoke Detector Act claim at any of the critical points discussed above, Home Opportunity did not file a posttrial motion to raise any potential challenges to the legal or factual applicability of the Act. Our supreme court very recently

stressed the importance of raising issues such as those now raised by Home Opportunity while the case is still before the circuit court. *Crim by Crim v. Dietrich*, 2020 IL 124318, ¶¶ 37-38.

¶ 27 Instead of any of the myriad ways outlined above in which Home Opportunity could have challenged the legal or factual basis of the Smoke Detector Act claim, it chose to argue the applicability of the Act under the circumstances of this case to the jury. Our supreme court has explained that, generally, "when a motion for summary judgment is denied and the case proceeds to trial, the denial of summary judgment is not reviewable on appeal because the result of any error is merged into the judgment entered at trial." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 355 (2002). The supreme court continued in its discussion of the nonreviewability of a denied summary judgment motion, stating, "[t]he rationale for this rule is that review of the denial order would be unjust to the prevailing party, who obtained a judgment after a more complete presentation of the evidence." *Id.* at 355-56; see also *Nilsson*, 313 Ill. App. 3d at 767. Here, Home Opportunity specifically submitted to the jury the points it now makes on appeal and the jury, after a complete presentation of the evidence, returned a verdict for the plaintiff. Because Home Opportunity forfeited the issues it raises on appeal and because the jury returned a verdict for plaintiff after hearing all the evidence and all the parties' arguments, Home Opportunity is entitled to no relief on appeal. Further, in consideration of the totality of the circumstances presented, we see no justification for disturbing the jury's verdict after the jury deliberated on the issues presented and returned a unanimous verdict in plaintiff's favor.

¶ 28                                 CONCLUSION

¶ 29 Accordingly, we affirm.

¶ 30 Affirmed.