(No. 47904.—

DONNA FRENCH, Appellee, v. THE CITY OF SPRING-
FIELD *et al.*—(The City of Springfield, Appellant.)

*Opinion filed Oct. 1, 1976.—Rehearing denied Dec. 2, 1976.*

W. J. Simhauser, of Springfield, and D. Bradley Blodgett, Corporation Counsel, of Springfield, for appellants.

Thomas F. Londrigan, of Londrigan & Potter, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Donna French, filed a complaint January 6, 1970, against the City of Springfield (hereinafter the City) for serious and extensive injuries she had sustained when the automobile in which she was riding as a passenger collided with a utility pole. At the trial on this complaint, judgment was entered on a jury verdict for the City. On appeal, the appellate court reversed and remanded the cause for a new trial. (*French v. City of Springfield*, 5 Ill. App. 3d 368.) After remand, this cause was consolidated with an action that plaintiff had filed on January 9, 1971, against the estate of the deceased driver of the automobile and General Motors Corporation (hereinafter GM), the manufacturer and retailer of the automobile.

Prior to the second trial, GM was dismissed on plaintiff's motion pursuant to a covenant not to sue. At this trial, the jury found for the defendant estate against plaintiff but found in favor of plaintiff against the City and awarded her damages of $500,000. Judgments were entered on the verdicts. In its appeal to the appellate court the City raised several issues. The two major contentions were: (1) that the City's violation of its own ordinance, which required a permit to be issued before barricades could be stationed on the street, could not be found to be the proximate cause of the collision and that admitting into evidence proof of such violation constituted reversible error; and (2) that a posed motion picture shown to the jury, which depicted the area where the collision occurred, was improperly admitted. The appellate court upheld the trial court's judgment on the basis that the jury could have found the violation of the ordinance to have been a proximate cause of the collision and the trial court was not in error by admitting evidence of the violation; and that

the differences in conditions between the time of filming the movie and the time of the occurrence were insufficient to hold that the admission of the movie was reversible error. (*French v. City of Springfield,* 30 Ill. App. 3d 584.) We allowed the City's petition for leave to appeal in which it raises the two primary contentions it brought before the appellate court.

The accident occurred on a one-way southbound street at 2 a.m. in the City of Springfield. On this street, which has three 12-foot lanes and an 8-foot parking lane on each side, the City commenced repair work 5 days prior to the accident. The barricades that surrounded this construction obstructed most of the left lane and extended westward to within 3½ feet of the center lane. A railroad trestle passes over the street 530 feet north of these barricades. Approximately 400 feet north of the center of this trestle, the street begins a gradual descent until it is 14 feet below the normal grade of the street and ascends until it levels off 400 feet south of the center of the trestle. In the underpass the street narrows on both sides eliminating the parking area and leaving the width of the three moving lanes intact. The utility pole against which the car collided is 170 feet south of the barricades on the west curb. Testimony revealed that at the time of the accident the driver was traveling south at a high rate of speed, went under the trestle, changed lanes, skidded and rammed into the utility pole. Further testimony showed that the road was covered with frost.

The following city ordinance was effective at the time of the accident:

"Section 40.10. Contractors, et al, obstructing streets, etc.

No contractor, builder or other person shall encumber or obstruct any street, alley, or sidewalk or portion thereof in the City with barricades, parking meter covers, temporary structures, tool sheds, office or tool trailers or shanties, building materials, or any other foreign material which may impede or obstruct traffic or public use of a

public way unless such contractor, builder or other person shall have filed with the City Clerk an application setting forth, among other things, the purpose, the period and extent of the use desired to be made of the public way and shall have obtained a permit signed by the City Clerk and properly endorsed by both the Superintendent of Streets and the Traffic Engineer, and shall have paid the proper fees. Should the permit also authorize blockade of curb parking, the permittee shall obtain from the Traffic Engineer appropriate materials to mount on the parking meters giving notice to the public that such meters have been taken out of service and stating the duration thereof.

This section shall not apply during emergency situations involving health or safety. In such cases representatives of public utilities, the Street Department, City Water Light and Power Department or any bonded contractor authorized by the Street Department may proceed to correct the emergency situation: but in such case, all persons, including city employees, shall give notice to the Police Department, Fire Department and Department of Streets and Public Improvements of the City prior to making such obstruction, which notice shall specify the location and purpose thereof, and all persons including city employees shall thereafter, on the next business day, comply with the provisions of sections 40.10, 40.10.1, 40.10.2, 40.16, 40.17, 40.19 and such other provisions of this code as may be applicable.

The City failed to file such an application with the city clerk and consequently it did not receive a valid permit. This permit was to be signed by the clerk and endorsed by both the superintendent of streets and the traffic engineer. The engineer testified that his job was to examine plans for placement of barricades and warning signs before approving the permit. This practice was corroborated by the permit form which contains the following language: "Work to be performed according to instructions and under the supervision of the Department of Streets and Public Improvements. Barricades, flashing lights, lanterns, channelizing devices and warning signs must be installed as specified by the Traffic Manager [Engineer]." The engineer also stated that he would not

have approved the placement of the barricades and warning devices in the position they had been stationed at the time of the accident. Rather, he would have channelized the traffic gradually away from the far left lane so that traffic could bypass the construction area.

The City claims that the appellate court erred in affirming the trial court's action in admitting evidence of the ordinance violation and by instructing the jury that the violation be considered negligence. The City bases this contention on the theory that violation of this ordinance did not proximately cause plaintiff's injury.

In *Dini v. Naiditch,* 20 Ill. 2d 406, this court prescribed the rule that the violation of a statute or ordinance designed for the protection of human life or property is *prima facie* evidence of negligence. It further held that the party injured has a cause of action if he was intended to come within the scope of the protection afforded by the ordinance and the injury was proximately connected with the violation. However, questions of proximate cause are ordinarily questions of fact for a jury to decide. (*Ney v. Yellow Cab Co.,* 2 Ill. 2d 74.) Therefore, we determine only whether the ordinance was designed to prevent the injury sustained.

Reviewing the ordinance and noting the apparent intent behind its enactment, we find that its purpose is to protect drivers and their passengers traveling the city streets. It was designed to check placement of barricades, warning lights and signs so that hazardous conditions would be prevented. The City failed to follow its own ordinance and this is *prima facie* evidence of negligence. It was properly left to the jury to determine whether the violation was the proximate cause of plaintiff's injury.

Excerpts of instructions that were given to the jury regarding the violation of the ordinance read:

> "The plaintiff claims she was injured and sustained damage while exercising ordinary care and that the defendant, City of Springfield, was negligent in one or

more of the following respects:

* * *

(4) Carelessly and negligently failed and omitted to file with the City Clerk an application setting forth the purpose, period and extent of the use desired to be made of the public way and failed to have said street obstruction approved by the Superintendent of Streets and Traffic Engineer through issuance of a permit as required by An Ordinance To Repeal Sec. 40.10 of the Code of the City of Springfield, Illinois, 1953, as Amended, and to Substitute Sec. 40.10 in Lieu Thereof and designated as Ordinance 229—7—68, the same being in force on January 26, 1969.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

* * *

The plaintiff has the burden of proving each of the following propositions as to defendant, City of Springfield, Illinois:

***

Second, that the defendant, City of Springfield, Illinois, acted, or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

* * *

There was in force in the City of Springfield at the time of the occurrence in question a certain ordinance which provided that:

* * *

If you decide that a party violated the ordinance on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not the party was negligent before and at the time of the occurrence."

In light of the cases discussed above, we find that these instructions were proper.

The City attempts to analogize the present case to other cases involving automobile accidents in which the driver failed to obtain a license pursuant to an ordinance or statute. These cases held that such a violation is not

causally related to such accidents, because the licensing statutes do not set forth specific standards of care and the fact that a driver has not submitted to the State for testing of his driving skills is not evidence that he was driving negligently when involved in an accident.

The City concludes this analogy by stating that, even though the City failed to apply for a permit, the street could have been barricaded properly. The fault in this argument is that in the present case, unlike the licensing example, a permit is needed each time a "contractor, builder or other person shall encumber or obstruct any street, alley or sidewalk ***." These individuals cannot receive a blanket permit but must apply for one each time a specific repair or construction is contemplated. Although the ordinance does not specify the standard of care required for barricading and obstructing a street, it would be neither practical nor necessary since the standard is set for each situation by the traffic engineer. The City disregarded its standard of care by failing to report the commencement of the repair work as required by the ordinance. The City should have foreseen that its violation could result in a hazardous road condition. (*Ney v. Yellow Cab Co.,* 2 Ill. 2d 74, 76.) The collision in the present case was the very harm the city council foresaw and attempted to prevent by requiring that the placement of barricades be supervised by the traffic engineer.

We note there was some evidence from which the jury could reasonably find that the City was in fact guilty of violating the ordinance and that such violation proximately caused the injuries of plaintiff. Therefore, we hold that the proof of the ordinance, coupled with proof of the violation and the subsequent jury instructions, were not improper.

The second contention of the City, regarding the motion picture, is well founded. Although plaintiff claims that the movie's purpose was merely to familiarize the jury with the area surrounding the accident, it is apparent from

the method utilized in filming the movie that it tended to support plaintiff's theory of the case. (*People v. Crowe,* 390 Ill. 294, 303-04.) This movie was taken 4 years after the incident. It was filmed in daylight, while the accident occurred at night. The City maintains that one of the wooden barricades involved in the accident was painted white and would reflect the headlights of an approaching vehicle. This effect was not shown in the film. The City also contends that flare pots, illuminated at night, would tend to make the barricades more visible than shown in the daylight.

After observing the film, we find factors even more prejudicial than those raised by the City. The movie was taken from the driver's seat in a 1966 Corvette, the same make and year of the car that was involved in the collision. The camera was fixed at the driver's eye level, thereby positioning the viewer in the driver's seat. The first of three approaches in the film showed the automobile traveling in the far left lane, similar to the path the plaintiff alleged the deceased driver traveled just before reaching the barricades. We agree with the City's contention that this movie preconditioned the minds of the jurors to accept the plaintiff's theory because the film depicted what she claims occurred the night of the accident.

Although the jury was extensively instructed as to the limited purpose of this movie, we find that certain statements made by the trial judge were inconsistent with these instructions. The trial judge commented:

> "*** get some sense of the driving of the car and the visibility as it relates to the street ***."

Such remarks lend to the jury's acceptance that the film was a dry run of the events which occurred the night of the collision.

Accordingly, for the above stated reason, we reverse the judgment of the appellate court and remand this cause for a new trial.

*Reversed and remanded.*