(No. 86-CC-1455

DAVID SUHRBIER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 27, 1994.*

ISADORE M. BERNSTEIN, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (COLLEEN MCCLOSKEY, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

The Claimant seeks $75,000 in damages from the State for injuries he sustained when he was struck by a motor vehicle.

On September 3, 1985, Claimant alleges that Respondent was the owner of a food service truck and was negligent in double-parking its van in a no-parking zone, thus causing Claimant's view to be obstructed, which resulted in his inability to see an approaching vehicle

which struck him while on his bicycle. Claimant further alleges that the aforesaid negligent act of the Respondent was the direct and proximate cause of his personal injuries and pecuniary damage.

Claimant filed a lawsuit in the circuit court of Cook County against the driver of the car that struck him and it is entitled: *David Suhrbier v. Mathew Zell*, No. 85 L 25030. Claimant was awarded a judgment in his favor for $7,500. Claimant did not appear at the trial of this claim because he was serving in the Army. At his evidence deposition of June 11, 1991, Claimant stated that he had received active duty orders for an army internal residency program at Brook Army Medical Center in Fort San Antonio, Texas. Claimant's counsel stated that Claimant was in the Army, somewhere in the East. In pursuance to Illinois Supreme Court Rule 212(b)(2), due to his said absence from the county, the transcript of Claimant's evidence deposition, together with the exhibits therein attached, was introduced and admitted into evidence.

The evidence presented consists of the report of the proceedings, filed May 15, 1993. The evidence deposition transcript of Claimant held on June 11, 1991, department report, deposition exhibits 1, 2, 3, 4, being medical records and briefs of both parties.

In his evidence deposition, Claimant stated that he was riding a bicycle to class at the University of Illinois Medical School when he was struck by an automobile, causing him to suffer multiple injuries. He was taken by ambulance to the Carle Foundation Hospital in Urbana, Illinois. There he received medical treatment including x-rays of the knee, arm, shoulder, head and neck. A shoulder harness was placed on his upper right arm, a cast was placed on his forearm and his upper right arm, and a sling placed on his right arm, and he was hospitalized for two days.

Claimant testified that he was physically unable to maintain a full curriculum as prior to his accident and that it took him two years to complete his studies for his masters degree instead of one. He also stated that he was off work at the Ground Round Restaurant where he was employed at the time of the accident for about one year, and that his medical bills were approximately $2,300.

Claimant's testimony disclosed that the accident occurred on Mathews Street, a one-way northbound street in Urbana. There are bicycle paths on both sides; the west side path only runs south. At approximately halfway down Mathews Street, this bicycle path ends. At this point, a diagonal bicycle path marked on the pavement connects the bicycle paths from the west side to the east side of Mathews Street, and when it reaches the east side of the street it resumes its northbound direction. The entire length of the crossing is marked with painted lines and at no time was he outside those lines before being hit by the vehicle travelling on Mathews Street. Upon reaching this crossing path and before entering on to same, he saw a white van of the State double-parked on the west side of Mathews Street in the lane of ongoing northbound traffic, which obscured his vision. Claimant got off his bicycle to look around the parked van, to observe any traffic that may have been approaching the bicycle path. Seeing none, he mounted his bicycle and entered the bicycle path to cross Mathews Street. Halfway through the crossing path, he was hit by a vehicle.

The Claimant must prove by a preponderance of the evidence that the State was negligent in the double-parking of its van and that such negligence was the proximate cause of the accident in order to prevail on his claim. The obstruction of Claimant's vision to observe traffic before attempting to cross Mathews Street was the cause of the

resulting accident. Certainly, unimpeded vision of oncoming traffic would have permitted Claimant to determine if it would be safe to cross the busy thoroughfare on a bicycle without endangering his personal safety. Further, it must be concluded that double-parking of the State's van is *prima facie* negligence in Illinois. *French v. City* (1976), 65 Ill. 2d 74; *Dini v. Naiditch* (1960), 20 Ill. 2d 406.

Proximate cause has been defined as any cause which, in a natural or probable sequence, produced the injury complained of. It need not be the only cause; it is sufficient if it concurs with some other cause acting at the same time which, in combination with it, causes the injury. The position of the Respondent that the independent act of a third person, namely the driver of the car that hit the Claimant, inflicted the injury, is not persuasive. Authorities cited by the Respondent are not on point. The case of *Sheehan v. Janesville*, cited by Respondent, involved the plaintiff sustaining injuries when he swerved his car to avoid a collision and crashed into a truck parked in a no-parking zone. The Court therein held that such parking in a no-parking zone would not have been reasonably foreseeable. In the case at bar, the State's double parking in the path of moving traffic, obscuring the vision of persons wishing to cross is foreseeable.

Claimant, a physician, described the accident in his evidence deposition, and he gave a detailed description of his multiple injuries. The negligent act of the Respondent was the proximate cause of the accident. Invoices submitted as exhibits indicate the injuries and the treatment of same support the nature and extent of the same.

Claimant suffered injuries, pain and suffering, his medical expenses, loss of time, additional cost of college attendance and loss of wages, totalling $25,000. However, pursuant to section 790.60 of the Illinois Court of Claims

Regulations (74 Ill. Adm. Code 790.60), pertaining to "Exhaustion of Remedies," the amount of $7,500, being the amount of the judgment awarded to Claimant in the circuit court case against the driver of the vehicle that struck him, is herewith deducted, for a net award of the claim herein, to $17,500.

Wherefore, it is hereby ordered that the Claimant be awarded $17,500 in complete and full satisfaction of the instant claim.