FOURTH DIVISION
April 3, 2008

No. 1-06-3100

| | | |
|---|---|---|
| ILLINOIS HEALTH FACILITIES AUTHORITY, | ) | Appeal from the |
| ex rel. RAYMOND G. SCACHITTI, PATRICK | ) | Circuit Court of |
| J. HOULIHAN, and ROBERT F. RIFKIN, | ) | Cook County. |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 02 CH 16854 |
| | ) | |
| MORGAN STANLEY DEAN WITTER AND | ) | |
| COMPANY and ERNST AND YOUNG LLP., | ) | Honorable |
| | ) | Philip L. Bronstein, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiffs Raymond G. Scachitti, Patrick J. Houlihan, and Robert F. Rifkin brought this qui tam action pursuant to the Whistleblower Reward and Protection Act (740 ILCS 175/1 et seq. (West 2006)), on behalf of Illinois Health Facilities Authority (the Authority) against defendant Ernst & Young LLP. Plaintiffs alleged that defendant fraudulently issued a materially false verification report that caused the Authority to pay above-market prices for United States Treasury bonds (Treasury bonds) purchased in connection with an advance refunding bond issuance. The circuit court dismissed plaintiffs' Whistleblower Act claims against defendant on June 9, 2006, and dismissed plaintiffs' claim against defendant for aiding and abetting violation of the Whistleblower Act on September 28, 2006. Plaintiffs appeal. We affirm in part, reverse in part, and remand for further proceedings.

The Authority issued revenue bonds in 1989 and refinanced those bonds in 1993. To refinance the bonds, the Authority issued an "advance refunding bond series" with a much lower

interest rate, purchased Treasury bonds with the proceeds of the advance refunding bond issuance, and placed the Treasury bonds in escrow to pay off the 1989 revenue bonds as they matured or could be redeemed.

Generally, the interest paid to holders of the advance refunding bonds is tax-exempt. However, if the proceeds of the advance refunding bonds are invested by the Authority in securities that earn a higher yield than that paid to the holders of the advance refunding bonds, the bonds are considered "arbitrage" bonds and they lose their tax-exempt status unless the Authority turns the profit over to the United States Treasury. "Yield burning" occurs when an underwriter artificially increases the price of the securities in which bond proceeds are invested, thereby reducing the yield to the Authority. While this practice eliminates any excessive return to the Authority, it essentially results in that excess going into the pockets of the underwriter, rather than being paid to the United States Treasury as required.

In the present case, the Authority hired financial services firm Morgan Stanley Dean Witter & Company (Morgan Stanley) to serve as the lead underwriter for the advance refunding bond series. The Authority also hired defendant Ernst & Young to verify Morgan Stanley's statements, to calculate the yields of the Treasury bonds purchased for escrow, and to certify that their yield did not exceed that of the advance refunding bonds. Ernst & Young provided the Authority with a written statement verifying that the yield on the Treasury bonds was less than the yield on the advance refunding bonds.

In their complaint, plaintiffs alleged that Morgan Stanley engaged in yield burning by charging an above-market rate for the Treasury bonds sold to the Authority as part of the

transaction. The alleged yield burning resulted in an overcharge by Morgan Stanley of approximately $21,007.57 for the Treasury bonds sold to the Authority. Plaintiffs also alleged that Ernst & Young knowingly and fraudulently based its yield calculation on the marked-up purchase price of the Treasury bonds, rather than the fair market value, which would have resulted in the true yield.

Plaintiffs alleged that Ernst & Young violated sections 3(a)(1) and 3(a)(2) of the Whistleblower Act, which provide:

"(a) Liability for certain acts. Any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the State or a member of the Guard a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

* * *

is liable to the State for a civil penalty of not less than $5,500 and not more than $11,000, plus 3 times the amount of damages which the State sustains because of the act of that person." 740 ILCS 175/3(a)(1), (a)(2) (West 2006).

Plaintiffs alleged in pertinent part that Ernst & Young violated sections 3(a)(1) and 3(a)(2) by knowingly submitting the materially false verification report, causing the Authority to pay Morgan Stanley's fraudulent, above-market price for the Treasury bonds. Plaintiff also

No. 1-06-3100

alleged that Ernst & Young aided and abetted Morgan Stanley's violation of the Whistleblower Act. Plaintiffs sought the imposition of a constructive trust upon the fraudulently obtained funds and any other appropriate equitable and/or injunctive relief. They also sought compensatory, treble, or other damages, as well as rescission of the contract between the Authority and the defendants, and restitution of all monies paid under those contracts.

The trial court dismissed plaintiffs' Whistleblower Act claims and their aiding and abetting claims against Ernst & Young pursuant to section 2-615 of the Code of Civil Procedure. 735 ILCS 5/2-615 (West 2004). Plaintiffs filed this timely appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).[1]

The question presented by a section 2-615 motion to dismiss is whether the allegations of the complaint, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. Abbasi v. Paraskevoulakos, 187 Ill. 2d 386, 391 (1999). A cause of action will not be dismissed on the pleadings unless no set of facts can be proved that will entitle the plaintiff to recover. Abbasi, 187 Ill. 2d at 391. Review is de novo. Abbasi, 187 Ill. 2d at 391.

The primary issue in the present case is whether plaintiffs' complaint stated a cause of action pursuant to sections 3(a)(1) and 3(a)(2) of the Whistleblower Act. Because the

[1]In a footnote in its brief, Ernst & Young states that subsequent to this appeal, the trial court had entered orders relating to plaintiffs' remaining case against Morgan Stanley. Such proceedings have no bearing on this appeal, which involves only the trial court's dismissal of the claims against Ernst & Young.

construction of a statute is a matter of law, review is de novo. City of Chicago v. Illinois Commerce Comm'n, 286 Ill. App. 3d 557, 559 (1997).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. City of Chicago, 286 Ill. App. 3d at 559. The most reliable indication of legislative intent is the language of the statute itself. People v. Ellis, 296 Ill. App. 3d 862, 865 (1998). In interpreting a statutory provision, words should be given their plain and ordinary meaning. Ellis, 296 Ill. App. 3d at 865.

As discussed, section 3(a)(1) of the Whistleblower Act states that a defendant is liable thereunder if he "knowingly presents, or causes to be presented, to an officer or employee of the State or a member of the Guard a false or fraudulent claim for payment or approval." (Emphasis added.) 740 ILCS 175/3(a)(1) (West 2006). In the present case, plaintiffs' complaint does not allege that Ernst & Young presented a claim for payment or that Ernst & Young caused Morgan Stanley to present a claim for payment. Instead, plaintiffs allege that Ernst & Young filed a materially false verification report, which caused the Authority to pay Morgan Stanley's fraudulent claim. Such allegations, even if proved true, do not give rise to liability under section 3(a)(1).
Accordingly, we affirm the dismissal of that portion of plaintiffs' complaint asserting a cause of action under section 3(a)(1) of the Whistleblower Act.

Section 3(a)(2) of the Whistleblower Act states that a defendant is liable thereunder if he "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State." 740 ILCS 175/3(a)(2) (West 2006).

No. 1-06-3100

Plaintiffs' complaint alleges that Ernst & Young knowingly made a false verification report to the Authority misrepresenting the true yield of the Treasury bonds it held in escrow, which caused the Authority to pay Morgan Stanley's fraudulent, "marked-up" price for the Treasury bonds. These allegations state a cause of action under section 3(a)(2). Accordingly, we reverse the dismissal of that portion of plaintiffs' complaint asserting a cause of action under section 3(a)(2) of the Whistleblower Act and remand for further proceedings thereon.

Ernst & Young contends that it cannot be held liable under section 3(a)(2) because it did not submit the allegedly false claim for payment; rather, Morgan Stanley filed the claim. This argument is without merit. Section 3(a)(2) expressly provides for liability where the defendant makes a false statement "to get a false or fraudulent claim paid or approved by the State." 740 ILCS 175/3(a)(2) (West 2006). Section 3(a)(2) does not state that the false or fraudulent claim must have been submitted by the defendant, Ernst & Young, in order for liability to arise.

Ernst & Young contends that People ex rel. Levenstein v. Salafsky, 338 Ill. App. 3d 936 (2003), compels a finding that a defendant may be held liable under section 3(a)(2) only if that defendant submitted a claim for payment. Salafsky is inapposite as the parties there did not raise the issue of whether section 3(a)(2) provides for liability where the defendant makes a false statement helping another get a false claim paid by the State.

Ernst & Young also contends that the circuit court's dismissal of plaintiffs' section 3(a)(2) claim should be affirmed because plaintiffs do not contest two of three grounds presented to the circuit court in support of dismissal of the claim. Ernst & Young contends that by failing to contest all the grounds for dismissal, plaintiffs waived review of said dismissal order. We

-6-

disagree. Review of plaintiffs' appellate brief indicates that plaintiffs in fact contested all grounds for dismissal. There was no waiver here.

Accordingly, as discussed, we reverse the dismissal of plaintiffs' section 3(a)(2) claim and remand for further proceedings thereon.

Next, plaintiffs contend that the trial court erred by dismissing their cause of action for aiding and abetting a violation of the Whistleblower Act. The Whistleblower Act sets forth several causes of action, not one of which provides for aiding and abetting liability. We decline plaintiffs' request to imply a cause of action for aiding and abetting under the Whistleblower Act.

For the foregoing reasons, we affirm the dismissal of plaintiffs' section 3(a)(1) claim and the dismissal of plaintiffs' aiding and abetting claim; we reverse the dismissal of plaintiffs' section 3(a)(2) claim; and we remand for further proceedings.

Affirmed in part and reversed in part; cause remanded.

NEVILLE, P.J., and MURPHY, J., concur.