**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210227-U

Order filed February 24, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| OSF HEALTHCARE SYSTEM, an Illinois Not-for-Profit Corporation, d/b/a OSF HEALTHCARE SAINT FRANCIS MEDICAL CENTER, | ) ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0227 Circuit No. 20-L-48 |
| | ) ) | |
| GREAT DANE and GALLAGHER BASSETT SERVICES, INC., | ) ) | |
| | ) | Honorable Clarence M. Darrow, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Lytton and McDade concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The court did not err in dismissing the case for lack of standing.

¶ 2     The plaintiff, OSF Healthcare System, appeals from the circuit court's granting of the motion to dismiss filed by the defendants, Great Dane and Gallagher Bassett Services, Inc., arguing that the court erred in finding that the plaintiff lacked standing to sue.

¶ 3                                    I. BACKGROUND

¶ 4          In April 2020, the plaintiff filed a complaint against the defendants for payment of medical services rendered. The complaint alleged that on seven occasions between April and September 2010, the plaintiff provided medical services to A.M., the cost of which totaled $174,256.83. The services rendered to A.M. were related to a work injury he suffered while employed by Great Dane. Gallagher Bassett Services, Inc. was the insurer for Great Dane. At the time the complaint was filed, the defendants had paid $43,486.99. The complaint stated that, pursuant to the settlement contract and the Illinois Workers' Compensation Commission's fee schedule, the defendants still owed the plaintiff $92,631.31. The plaintiff sought relief under the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2020)).

¶ 5          The attached settlement contract stated that Great Dane had not paid all the medical bills, noting that the medical expenses were disputed. The settlement terms specifically stated that Great Dane "denied and disputed the compensability of certain medical and hospital expenses." It also stated that Great Dane "agrees to remain liable for all reasonable, necessary and related medical expenses incurred through the date of contract approval and shall hold [A.M.] safe and harmless therefrom." Great Dane also retained "all rights that it may have or may have had to assert any dispute for any such claims for reimbursement *** on any and all grounds including but not limited to, the grounds of liability, reasonableness, necessity of medical treatment and causal connection between the benefits for [which] reimbursement is being sought and the Workers' Compensation Claims of [A.M.]." A.M. received $150,000 in the settlement.

¶ 6          The defendants filed a motion to dismiss under section 2-619 alleging, *inter alia*, that the plaintiff lacked standing to sue as there was no contractual relationship between the plaintiff and the defendants and that the Act did not create a private right of action for benefits to medical

2

services providers, citing *Marque Medicos Fullerton, LLC v. Zurich American Insurance Co.*, 2017 IL App (1st) 160756. The motion further alleged that the plaintiff had accepted payment of the $43,486.99, which was tendered as an accord and satisfaction of all obligations.

¶ 7 A hearing was held on the motion to dismiss on May 3, 2021. The court granted the motion to dismiss, finding that the plaintiff did not have standing based on the case cited by the defendants. See *id.* However, the court stated that it disagreed with the defendants accord and satisfaction argument. The plaintiff appealed.

¶ 8                                                        II. ANALYSIS

¶ 9 On appeal, the plaintiff argues that the court erred in granting the motion to dismiss and holding that they did not have standing to sue under the Act. A section 2-619 motion to dismiss admits the sufficiency of the complaint but asserts a defense outside the complaint that defeats it. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. In ruling on a section 2-619 motion to dismiss, the court construes all pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003). We review a dismissal pursuant to section 2-619 *de novo*. *Id.* at 368; see also *Metzger v. DaRosa*, 209 Ill. 2d 30, 34-35 (2004) (considering *de novo* whether a private right of action is implied in a statute).

¶ 10 The plaintiff seeks to pursue the medical bills pursuant to section 8.2(d) of the Act, which states, in pertinent part:

> "When a patient notifies a provider that the treatment, procedure, or service being sought is for a work-related illness or injury and furnishes the provider the name and address of the responsible employer, the provider shall bill the employer or its designee directly. The employer or its designee shall make payment for treatment

in accordance with the provisions of this Section directly to the provider, except that, if a provider has designated a third-party billing entity to bill on its behalf, payment shall be made directly to the billing entity. Providers shall submit bills and records in accordance with the provisions of this Section.

(1) All payments to providers for treatment provided pursuant to this Act shall be made within 30 days of receipt of the bills as long as the bill contains substantially all the required data elements necessary to adjudicate the bill.

(2) If the bill does not contain substantially all the required data elements necessary to adjudicate the bill, or the claim is denied for any other reason, in whole or in part, the employer or insurer shall provide written notification to the provider in the form of an explanation of benefits explaining the basis for the denial and describing any additional necessary data elements within 30 days of receipt of the bill. The Commission, with assistance from the Medical Fee Advisory Board, shall adopt rules detailing the requirements for the explanation of benefits required under this subsection.

(3) In the case (i) of nonpayment to a provider within 30 days of receipt of the bill which contained substantially all of the required data elements necessary to adjudicate the bill, (ii) of nonpayment to a provider of a portion of such a bill, or (iii) where the provider has not been issued an explanation of benefits for a bill, the bill, or portion of the bill up to the lesser of the actual charge or the payment level set by the Commission in the fee schedule established in this Section, shall incur interest at a rate of 1% per month payable by the employer to the provider. Any required interest payments shall be made by the employer

4

or its insurer to the provider within 30 days after payment of the bill." 820 ILCS 305/8.2(d) (West 2020).

Neither section 8.2 nor any other sections of the Act expressly grant providers the right to sue for unpaid medical bills. *Id.* Nonetheless, we may find that a statute implies a private right of action if: "(1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute." *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460 (1999). All four factors must be met to imply a private right of action. *Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 393 (1999).

¶ 11        While, as the plaintiff contends, section 8.2 appears to benefit the providers, we must consider the entire Act as a whole. *Fisher*, 188 Ill. 2d at 462-63. Our supreme court has held, multiple times, that the Act's overriding purpose is early and thorough compensation to workers for income lost due to work-related injuries. See, *e.g.*, *Cassens Transport Co. v. Industrial Comm'n*, 218 Ill. 2d 519, 530 (2006); *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 41. In *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 462 (1990), the supreme court stated:

> "The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer. The exclusive remedy provision 'is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the

5

employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." (Citations omitted).

Thus, while providers may incidentally receive some benefit from the specific provisions of the Act the plaintiff cites, they are not the members of the class the Act was enacted to benefit, and any provisions benefitting providers do so solely because they serve the primary goal of compensating employees. *Marque Medicos Fullerton*, 2017 IL App (1st) 160756, ¶ 60; *Metzger*, 209 Ill. 2d at 38.

¶ 12         We reject the plaintiff's reliance on *Beatty v. Accident Fund General Insurance Co.*, 2018 WL 3219936, and *In re Hernandez*, 918 F. 3d 563 (2019). Neither of these cases concern the standing argument raised, here, nor do they purport to broaden the scope of the members of the class the Act was enacted to benefit.

¶ 13         Moreover, we find that the plaintiff cannot meet the fourth factor: that implying a private right of action is necessary to provide an adequate remedy for violations of the statute. In fact, the plaintiff specifically states it "is not saying that pursuing the Defendants is the only legal remedy as Plaintiff has pointed out that the alternative is for Plaintiff to pursue the employee for payment of the balance." Section 8.2(e-20) of the Act specifically allows a provider to seek payment from the employee, stating:

> "Upon a final award or judgment by an Arbitrator or the Commission, or a settlement agreed to by the employer and the employee, a provider may resume any and all efforts to collect payment from the employee for the services rendered to the employee and the employee shall be responsible for payment of any outstanding bills for a procedure, treatment, or service rendered by a provider as well as the

interest awarded under subsection (d) of this Section." 820 ILCS 305/8.2(e-20) (West 2020).

Therefore, the plaintiff has an adequate remedy to seek payment of the medical bills.

¶ 14 Because the plaintiff cannot meet the first or fourth factors, its contention that the Act implies a private right of action must fail.

¶ 15                              III. CONCLUSION

¶ 16 The judgment of the circuit court of Rock Island County is affirmed.

¶ 17 Affirmed.