SECOND DIVISION
February 22, 2011

No. 1-09-2313

| | | |
|---|---|---|
| EMILY GREEN, Special Administrator, of the Estate of Ruben Ivy, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 09 L 2854 |
| | ) | |
| CHICAGO BOARD OF EDUCATION, a Body Politic and Corporate, | ) ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (Delilah Smith, as Mother and Next Friend to Devonte Smith, a Minor, | ) ) | Honorable |
| | ) | Jeffrey Lawrence, |
| Defendant). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Cunningham and Justice Connors concurred in the judgment and opinion.

**OPINION**

In this appeal we are called upon to determine whether defendant, the Chicago Board of Education (Board), is immune under section 4-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/4-102 (West 2008)) from claims of willful and wanton misconduct and negligent acts that allegedly caused injuries and the death of plaintiff, Emily Green's, decedent. We conclude that the Board is immune. For the following reasons we affirm the circuit court's dismissal of Green's second amended complaint pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2–619 (West 2008).

JURISDICTION

The circuit court dismissed counts I, II, III and IV of Green's second amended complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)) on August 21, 2009.[1] The circuit court made an express written finding stating there is no reason to delay enforcement or appeal of its order pursuant to Illinois Supreme Court Rule 304(a). Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). On September 2, 2009, Green filed her notice of appeal. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 303 and 304(a) governing appeals from final judgments entered below. Ill. S. Ct. R. 303 (eff. May 30, 2008); R. 304(a) (eff. Feb. 26, 2010).

BACKGROUND

The Board owns and operates the Chicago Public Schools, including Crane Technical High School (Crane Tech). In March of 2008, decedent, a student at Crane Tech, was fatally shot by another Crane Tech student, Devonte Smith. In March 2009, Green was appointed the special administrator of decedent's estate.[2] On April 14, 2009, Green filed her six-count second amended complaint seeking damages under the Wrongful Death Act (740 ILCS 180/2.1 (West 2008)) and the Survival Act (755 ILCS 5/27-6 (West 2008)) against defendants, the Board and Delilah Smith, as mother and next friend to Devonte Smith.

---

[1] Counts V and VI of Green's second amended complaint contained allegations against defendant Delilah Smith, as mother and next friend to Devonte Smith, a minor. Counts V and VI are not at issue in this appeal and Delilah Smith is not a party to this appeal.

[2] As a circuit court judge, pursuant to an uncontested motion, Justice Harris signed the order appointing Green as special administrator of the estate of Ruben Ivy. Justice Harris had no other involvement in this matter before the circuit court.

In her second amended complaint, Green alleged the Board knew Devonte Smith had a reputation for violence and trouble making. Green further alleged that the Board knew "of the violent nature" of the school and the neighborhood. Additionally, Green alleged that the Board knew that tension existed between students from different neighborhoods and that the school was located in a territory disputed by rival gangs. Green alleged the Board increased security at Crane Tech the week prior to the incident due to increased fighting between the students at the school and that, in the past, the Board had confiscated weapons, including guns, from Crane Tech students found possessing the weapons on school property. Green alleged that in order to combat foreseeable criminal activity in the school, the Board had increased security, employed metal detectors, and made security cameras accessible to the Chicago Police Department.

In her second amended complaint, Green described the incident, stating, "at approximately 3:05 p.m., after the dismissal bell rang, students were required to leave the school into a condition on the premises that exposed those students to unnecessary dangers." Waiting outside the school "were dozens of people armed with golf clubs and other weapons." Thereafter, violent altercations occurred on school property. In one of those altercations, Devonte Smith fatally shot decedent.

In count I of her second amended complaint, Green sought damages under the Wrongful Death Act (740 ILCS 180/2.1 (West 2008)), alleging the Board had a special relationship with the decedent and that it had a duty to protect the decedent from reasonably foreseeable criminal activity of third parties and to guard against those criminal activities. Green stated that the Board breached its duty to decedent when it willfully and wantonly failed to provide adequate security;

3

remove certain individuals from the premises; timely notify the police of the altercation; and provide safe ingress and egress to its students on its premises. Green also alleges that the Board wilfully and wantonly failed, by omission, to perform security measures it had voluntarily undertaken to perform; permitted conditions of the premises to exist to either cause or contribute to the incident; failed to disperse the armed attackers on and around the school; and permitted the students to be dismissed from school when armed attackers were present on and around school property. Green alleged that the willful and wanton actions of the Board were both the direct and proximate cause of decedent's death. In count II of her second amended complaint, Green re-alleged the willful and wanton acts by the Board, and sought damages under the Survival Act. 755 ILCS 5/27-6 (West 2008).

In count III of her second amended complaint, Green sought damages for negligence under the Wrongful Death Act (740 ILCS 180/2.1 (West 2008)), alleging the Board breached its special duty to the decedent. Specifically, Green alleged the Board acted negligently by failing to provide adequate security, even though the Board knew of the violent nature of the school and surrounding area; remove individuals that were involved in the altercation; timely notify the police of the altercation; provide safe ingress and egress to its students; and provide security services it voluntarily undertook to perform. She also alleged that the Board acted negligently by failing, by omission, to perform security measures it voluntarily undertook to perform; permitting the conditions of the school to exist such that they contributed to the incident; failing to disperse the armed individuals on and around the school on the day of the incident; and dismissing the students from school when armed individuals were on and around the school on the day of the altercation.

4

In count IV, Green realleged the Board's negligent acts from count III, seeking redress under the Survival Act. 755 ILCS 5/27-6 (West 2008). In both counts III and IV, Green alleges the Board's negligent acts fall within the special duty exception to the common law public duty rule.

In May of 2009, the Board filed a motion to dismiss Green's second amended complaint pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2008). The Board contended that section 4-102 of the Act (745 ILCS 10/4-102 (West 2008)) barred counts I and II of Green's second amended complaint. Specifically, the Board argued that section 4-102 of the Act provides absolute immunity to the Board and its employees against any liability based on the failure to provide police protection service or adequate police protection service. 745 ILCS 10/4-102 (West 2008). The Board further contended that section 4-102 of the Act also provided the Board and its employees immunity against the allegations raised in counts III and IV of Green's second amended complaint, and that the special duty exception Green alleged in counts III and IV cannot operate as an exception to the Act. Green responded, arguing that the Board is not immune from willful and wanton acts and that she properly pled a cause of action under the special duty exception.

On August 21, 2009, the circuit court granted the Board's section 2-619 motion to dismiss. The circuit court found, based on the pleadings, that the Board's conduct was willful and wanton misconduct. However, the circuit court found the Board was immune from liability because the Act does not contain an exception for willful and wanton misconduct. The circuit court also found that Green's negligence claims fail because the special duty exception cannot "contravene the immunities provided to governmental entities under the Tort Immunity Act." The

5

circuit court further found that the facts of the case do not fall within the special duty exception to the common law public duty rule because the Board did not have control over the situation.

ANALYSIS

On appeal, Green argues the Act does not bar her willful and wanton conduct claims against the Board. Specifically, she argues that section 3-108 of the Act (745 ILCS 10/3-108 (West 2008)) controls in this case as opposed to section 4-102 of the Act. Green also maintains that section 2-202 of the Act (745 ILCS 10/2-202 (West 2008)) allows her to pursue a willful and wanton conduct claim. As to counts III and IV, Green argues that she successfully pled a cause of action under the special duty exception because the Board was aware of the danger decedent was exposed to, decedent's injury was caused by the Board's acts or omissions, the Board's acts or omissions were affirmative and willful in nature, and decedent was under the direct and immediate control of the Board.

A motion to dismiss pursuant to section 2-619(a)(9) of the Code allows for the involuntary dismissal of a claim when the "claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2008). A defendant's immunity under the Act is properly raised as an affirmative matter pursuant to section 2-619(a)(9) of the Code. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Under section 2-619(a)(9) of the Code, the defendant admits the legal sufficiency of the complaint, but asserts some affirmative matter that defeats the claim. *Id.* All pleadings and supporting documents must be interpreted by the court in the light most favorable to the nonmoving party. *Porter v. Decatur Memorial Hospital,* 227 Ill. 2d 343, 352 (2008). We review

6

a dismissal pursuant to section 2-619(a)(9) of the Code *de novo.  Van Meter,* 207 Ill. 2d at 368.[3]

Further, the interpretation of a statute is a question of law that we review *de novo.*
*Abruzzo v. City of Park Ridge,* 231 Ill. 2d 324, 332 (2008).  We must ascertain and give effect to
the intent of the legislature when we construe a statute.  *Id.*  The legislature's intent is best found
by the plain and ordinary meaning of the statute's language.  *Id.*  Statutory aids of construction
will not be applied if the language of the statute is clear and unambiguous.  *Id.*

The Tort Immunity Act's purpose "is to protect local public entities and public employees
from liability arising from the operation of government."  745 ILCS 10/1-101.1 (West 2008).  The
Act only grants immunities and defenses.  745 ILCS 10/1-101.1 (West 2008).  We must construe
the Act as a whole, "with each provision of the Act construed in relation to every other section."
*Zimmerman v. Village of Skokie,* 183 Ill. 2d 30, 56 (1998).  The legislature provided immunity to
local public entities "to prevent the dissipation of public funds on damage awards in tort cases."
*Van Meter*, 207 Ill. 2d at 368.  The Act is to be strictly construed against the public entity because
it is in derogation of the common law.  *Aikens v. Morris,* 145 Ill. 2d 273, 278 (1991).
Government entities bear the burden of proving whether they are immune from a claim under the
Act.  *Van Meter,* 207 Ill. 2d at 370.

The common law public duty rule provides that "a governmental entity and its employees
owe no duty of care to individual members of the general public to provide governmental

---

[3]Although neither the Board nor the circuit court specified which subsection of section 2-619 of the Code Green's second amended complaint was to be dismissed under, the Board's claim of immunity under the Act is properly reviewed pursuant to subsection (a)(9) of section 2-619 of the Code.  See *Van Meter,* 207 Ill. 2d at 367.

services, such as police and fire protection." *Zimmerman,* 183 Ill. 2d at 32. The special duty doctrine, which Green relies on in this case, is a judicially created exception to the public duty rule. *Id.* The doctrine has "been applied in those narrow instances when the governmental entity assumed a special relationship to an individual 'so as to elevate that person's status to something more than just being a member of the public.' " *Id.* at 45 (citing *Schaffrath v. Village of Buffalo Grove,* 160 Ill. App. 3d 999, 1003 (1987)). An immunity is distinct from a duty "because only if a duty is found is the issue of whether an immunity or defense is available to the governmental entity considered." *Id.* at 46. Thus, a governmental entity must first owe a duty before it can be held immune from liability for breach of that duty. *Id.* However, the special duty doctrine does not override immunities in the Act because such an action would violate the Illinois Constitution. *Id.* at 46-47 ("Such operation constitutes a violation of the Illinois Constitution's provisions governing sovereign immunity (Ill. Const. 1970, art. XIII, §4) as well as separation of powers (Ill. Const. 1970, art. II, §1).").

In this case, although the Board maintains that it did not owe decedent a duty, for our analysis we will assume the Board did owe decedent a duty as Green has pled in order to reach the issue of whether the Board can claim immunity under the Act. See *DeSmet v. County of Rock Island,* 219 Ill. 2d 497, 509 (2006) (assuming defendant owed a duty, "for the sake of analysis, in order to expedite the resolution of an immunity issue"), *superseded on other grounds by statute as stated in Murray v. Chicago Youth Center,* 224 Ill. 2d 213 (2007). Our assumption is also proper because the Board put forth the argument that they are immune from Green's claims.

The Board, in its motion to dismiss, raised section 4-102 of the Act as an affirmative

defense. 745 ILCS 10/4-102 (West 2008). Section 4-102 of the Act states, in relevant part:

> "Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." 745 ILCS 10/4-102 (West 2008).

Our supreme court has recently addressed whether section 4-102 of the Act contains any exceptions for claims of willful and wanton misconduct or negligence. *DeSmet,* 219 Ill. 2d at 509-15. In *DeSmet,* the supreme court held that section 4-102 of the Act does not contain an exception for either willful and wanton misconduct or for negligence. *Id.* at 515 ("section 4-102 immunizes defendants against both negligence and willful and wanton misconduct"). The supreme court reasoned that "[w]hen the plain language of an immunity provision in the Tort Immunity Act contains no exception for willful and wanton conduct, we have reasoned that the legislature ' "intended to immunize liability for both negligence and willful and wanton misconduct." ' " *Id.* at 514 (quoting *Village of Bloomingdale v. CDG Enterprises, Inc.,* 196 Ill. 2d 484, 491 (2001), quoting *Barnet v. Zion Park District,* 171 Ill. 2d 378, 391-92 (2006)).

Green urges this court to ignore section 4-102 of the Act and apply either section 3-108 of the Act or section 2-202 of the Act. Section 3-108 of the Act, in relevant part, states:

> "(a) Except as otherwise provided in this Act, neither a local public

entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for an injury unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury.

(b) Except as otherwise provided in this Act, neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property unless the employee or the local public entity has a duty to provide supervision imposed by common law, statute, ordinance, code or regulation and the local public entity or public employee is guilty of willful and wanton conduct in its failure to provide supervision proximately causing such injury." 745 ILCS 10/3-108 (West 2008).

Green argues that dismissing students from school should be seen as a supervisory act under section 3-108 of the Act as opposed to a failure to provide police protection under section 4-102 of the Act. However, Green does not cite any authority supporting her position. Importantly, the facts, as she pled them in her second amended complaint, focus on security and policing measures around the school, not supervising an activity. She has not pled that the Board was supervising or failing to supervise an activity. The allegations in her complaint make clear that her contention is that the Board either failed to provide proper policing or failed to provide

adequate policing. She does not show how this incident that occurred after the students had been dismissed from the school day can be considered an activity in which the school provided supervision, as opposed to a failure to properly police the area. Green does not plead any allegations that the school supervised the students after dismissing them, nor does she suggest that the school had a duty to supervise the students after dismissing them for the day.

Green also does not explain how section 3-108 of the Act operates as an exception to section 4-102 of the Act. Section 3-108 states under both of its subsections, that: "Except as otherwise provided in this Act***." 745 ILCS 10/3-108(a), (b) (West 2008). A plain reading of this clause, in construing the Act as a whole, leads to the conclusion that section 4-102 of the Act applies here. Moreover it is an exception "otherwise provided in this 'Act' " as stated in section 3-108 of the Act. Section 4-102 of the Act does not contain the same qualifying language as section 3-108 of the Act. Thus, we find the facts of this case fall under the Act's provisions for policing found in section 4-102 as opposed to the provisions for supervision or failure to supervise found in section 3-108 of the Act.

Green also argues that section 2-202 of the Act provides an exception to section 4-102 and allows Green's claims for willful and wanton conduct to proceed. 745 ILCS 10/2-202 (West 2008). Section 2-202 of the Act provides, in relevant part: "A public employee is not liable for his act or omission in the *execution or enforcement of any law* unless such act or omission constitutes willful and wanton conduct." (Emphasis added). 745 ILCS 10/2-202 (West 2008). Whether a public employee "is executing or enforcing a law is a factual one which must be made in light of the circumstances of each case." *Aikens,* 145 Ill. 2d at 286. Applying the facts of this

11

case, as alleged in Green's second amended complaint, it is clear the Board was not executing or enforcing any law. Green alleges that after dismissing the students, decedent was attacked. Green has not alleged or shown how the Board's actions can be considered to be either executing or enforcing a law.

In sum, Green's complaint alleges two counts of willful and wanton conduct and two counts of negligence. The Board has asserted immunity under section 4-102 of the Act. Section 4-102 of the Act does not contain an exception for either willful and wanton conduct nor for negligence. 745 ILCS 10/2-102 (West 2008); *DeSmet*, 219 Ill. 2d at 515. The Board has carried its burden of proving its immunity from Green's claim under the Act. See *Van Meter*, 207 Ill. 2d at 370 (government entities bear the burden of proving whether they are immune from a claim under the Act). Relying on the special duty exception, Green argues that her two counts of negligence should not be dismissed. However, the special duty exception does not override the immunities provided governmental entities under the Act. *Zimmerman,* 183 Ill. 2d at 46-47. Green's contentions that the Board is liable under either section 3-108 of the Act or section 2-202 of the Act fail based on the facts she puts forth in her second amended complaint. She does not make any allegations that can be construed as the Board acting in a supervisory manner under section 3-108 nor does she make any allegations that the Board was executing or enforcing a law under section 2-202 of the Act.

## CONCLUSION

In conclusion, Green's second amended complaint was properly dismissed under section 2-619(a)(9) of the Code because the Board was immune from prosecution under section 4-102 of the

No.1-09-2313

Act.  For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.