# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Jane Doe v. Village of Schaumburg*, 2011 IL App (1st) 093300

| | |
|---|---|
| Appellate Court Caption | JANE DOE, Individually and as Legal Guardian of Minor Doe, a Minor; AMY ROE, a Minor, by her Legal Guardian and Next Friend, Lee Roe; ANN ROE, a Minor, by her Parent and Next Friend, Lee Roe; JANE ROE, a Minor, by her Parents and Next Friends, Mary Roe and John Roe; MARY ROE, a Minor, by her Parents and Next Friends, Jane Roe and Joe Roe, Plaintiffs-Appellants, v. THE VILLAGE OF SCHAUMBURG, THE SCHAUMBURG POLICE DEPARTMENT, DOUG ULMER, JOHN JAMESON, ART KWIATKOWSKI, THE VILLAGE OF HOFFMAN ESTATES, THE HOFFMAN ESTATES POLICE DEPARTMENT, and GARY SEARS, Defendants-Appellees (Township High School District 211, Tom McNamara, Theresa Busch, Jackie Gatti n/k/a Jackie Zydek, Defendants). |
| District & No. | First District, Second Division<br>Docket Nos. 1–09–3300, 1–09–3301, 1–09–3302, 1–09–3303, 1–09–3471 cons. |
| Filed | June 30, 2011 |
| Rehearing denied | August 1, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed with prejudice the complaints of multiple plaintiffs alleging that multiple defendants, including police officers, detectives and police departments, failed to report the arrest of a student on a charge of aggravated criminal sexual assault of a minor child to the school plaintiffs attended pursuant to an agreement that required the reporting of such incidents, and that the person arrested was a student in plaintiffs' school, was in a class with plaintiffs and sexually assaulted them, since defendants were immune from liability pursuant to the Tort Immunity Act. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06–L–46 through 06–L–50; the Hon. Diane Larsen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Eckhoff & Massarelli, P.C. (Catherine M. Massarelli, of counsel), and Law Offices of Lynn D. Dowd (Lynn D. Dowd and Francis J. Leyhane III, of counsel), both of Wheaton, and Dudley & Lake, of Chicago (Kevin J. Golden, of counsel), for appellants. |
| | John E. Norton & Associates, LLC, of Wheaton (John E. Norton, of counsel), Arnstein & Lehr LLP, of Hoffman Estates (Arthur L. Janura, of counsel), and Arnstein & Lehr LLP, of Chicago (Hal R. Morris, Jenifer H. Caracciolo, and Christina E. Lutz, of counsel), for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Cunningham and Justice Karnezis concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiffs Jane Doe, individually and as legal guardian of Minor Doe (Doe plaintiffs); Amy Roe, a minor, by her legal guardian and next friend Lee Roe; Ann Roe, a minor, by her parent and next friend Lee Roe; Jane Roe, a minor, by her parents and next friends Mary and John Roe; and Mary Roe, a minor, by her parents and next friends Jane and Joe Roe (Roe plaintiffs), appeal the order of the circuit court dismissing their complaints against defendants the Village of Schaumburg, the Schaumburg police department, Detective Doug Ulmer, Detective John Jameson, and Detective Art Kwiatkowski (the Schaumburg defendants), and the Village of Hoffman Estates, the Hoffman Estates police department, and Gary Sears (the Hoffman Estates defendants) pursuant to sections 2–619 and 2–615 of the Code of Civil Procedure (735 ILCS 5/2–619, 2–615 (West 2006)). On appeal, the plaintiffs contend that the trial court erred because (1) defendants owed them a duty based on sections 22–20 and 10–20.14(b) of the Illinois School Code (School Code) (105 ILCS 5/22–20, 10–20.14(b) (West 2006)), existing reciprocal reporting agreements, and the long-standing practice of municipalities sharing information regarding student arrests; (2) defendants breached that duty; and (3) the breach proximately caused their injuries. Plaintiffs further argue that section 4–102 of the Local Governmental and Governmental Employees Tort Immunity Act (Act)

(745 ILCS 10/4–102 (West 2006)) does not immunize defendants in this case. For the reasons hereinafter set forth, we affirm.

¶ 2                                    JURISDICTION

¶ 3     The trial court entered its order dismissing the complaints against the Schaumburg and Hoffman Estates defendants on October 9, 2009. Since the order did not dismiss the claims against all parties, the trial court was required to make a Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)) finding that there is no just reason for delaying either enforcement or appeal. The trial court made the required finding on November 2, 2009. Plaintiffs filed their notice of appeal on December 1, 2009. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 303 (Ill. S. Ct. R. 303 (eff. May 30, 2008)), and 304(a) governing appeals from final judgments entered below.

¶ 4                                    BACKGROUND

¶ 5     On July 21, 2004, Schaumburg police arrested Christopher Girard for aggravated criminal sexual assault of a minor child. Defendants Ulmer, Jameson and Kwiatkowski participated in Girard's arrest and investigation of his case. They also had information that Girard was attending summer school at Hoffman Estates High School at the time, but they did not report his arrest to the school district or to the principal of the high school. Instead, on October 15, 2004, Ulmer informed Hoffman Estates police officer Gary Sears of Girard's arrest. Sears was the resource officer assigned to District 211. Sears did not report the arrest to school officials despite the existence of a reciprocal reporting agreement between Hoffman Estates and Township High School District 211 (District 211), which includes Hoffman Estates High School. The agreement provided that "police officials will report to school officials *** with respect to a minor enrolled in one of the School District's schools who has been taken into custody or arrested for" criminal sexual assault, in accordance with section 22–20 of the School Code.

¶ 6     From August to October 2005, Girard was enrolled in a physical science class at Hoffman Estates High School. Minor Doe and minors Amy, Ann, Jane, and Mary Roe, who were enrolled in a special education program at the high school, also attended the class. During the class, Girard forcibly engaged in various acts with them such as touching their "breasts, vagina and buttock" and anal and vaginal penetration. In August 2007, Girard pleaded guilty to a number of sexual assault charges, including charges of assaulting girls at Hoffman Estates High School in 2005.

¶ 7     Plaintiffs each filed a complaint against District 211; Theresa Busch, the principal of Hoffman Estates High School; two teachers, Tom McNamara and Jackie Zydek; the Village of Schaumburg; the Schaumburg police department; and three individual police officers, Detectives Ulmer, Jameson, and Kwiatkowski. Plaintiffs later added claims against the Village of Hoffman Estates, the Hoffman Estates police department, and Gary Sears. At issue in this appeal are the Doe plaintiffs' fifth amended complaint and the Roe plaintiffs' fourth amended complaints. In the Doe plaintiffs' fifth amended complaint, counts VII through XII contained allegations of liability against the various Schaumburg defendants based on section

1983 of title 42 of the United States Code (42 U.S.C. § 1983 (2006)), section 15 of the Rights of Married Persons Act (750 ILCS 65/15 (West 2006)), negligence, and willful and wanton misconduct. Counts XIII through XX contained allegations against the Hoffman Estates defendants based on the same theories. The fourth amended complaints of all the Roe plaintiffs are essentially identical and contained allegations against the Schaumburg defendants in counts VIII through XI, and XVI and XVII. Counts XII through XV pertained to allegations against the Hoffman Estates defendants. These counts based liability on section 1983, negligence, and willful and wanton misconduct.

¶ 8    Defendants filed motions to dismiss the Doe plaintiffs' fifth amended complaint and the Roe plaintiffs' fourth amended complaints pursuant to sections 2–615 and 2–619. In the motions, defendants argued that the complaints did not allege facts showing that they owed plaintiffs any duties, and in any event, sections 4–102 and 2–205 of the Act immunized them from liability for plaintiffs' claims. The trial court granted defendants' motions to dismiss with prejudice on October 9, 2009, and on November 2, 2009, the trial court made the required Rule 304(a) finding.[1] Plaintiffs filed this timely appeal.

¶ 9                                          ANALYSIS

¶ 10    Plaintiffs filed a single brief on appeal focusing on the tort claims against defendants. In their brief, plaintiffs alleged that defendants owed them a duty based on sections 22–20 and 10–20.14(b) of the School Code and the respective reciprocal reporting agreements entered into with District 211 pursuant to section 22–20. They contended that defendants breached their statutory duties by failing to notify appropriate District 211 administrators of Girard's arrest and failing to fulfill their obligation to set up reciprocal reporting agreements with District 211. Quoting *Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 394 (1999), they argued that "[i]n a common law negligence action, a violation of a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence." Plaintiffs further contended that plaintiffs are members of a class the School Code was enacted to protect, their injuries were of the type the statute intended to shield them against, and the statutory violations proximately caused their injuries. Plaintiffs also alleged a duty based on defendants' long-standing practice of sharing information about the arrests of students enrolled in District 211 schools. They argued that in light of this tradition, defendants' failure to report Girard's arrest constituted negligent performance of a voluntary undertaking.

¶ 11    We agree with plaintiffs that a violation of a statute such as the School Code can give rise to a tort claim. See *Noyola v. Board of Education*, 179 Ill. 2d 121, 130-31 (1997). Furthermore, plaintiffs' well-reasoned arguments may very well support their contention that the School Code imposes certain duties upon those parties subject to its provisions. However, we need not address whether defendants here owed a statutory or common-law duty to plaintiffs. The existence of a duty and the applicability of an immunity are separate issues. *Arteman v. Clinton Community Unit School District No. 15*, 198 Ill. 2d 475, 487 (2002).

---

[1]Plaintiffs' claims against defendants District 211, Busch, McNamara, and Zydek, however, remain before the trial court and those defendants are not parties to this appeal.

Therefore, even if defendants owed such a duty and breached that duty, provisions of the Act may immunize them from liability. A reviewing court may "forgo the determination of issues unnecessary to the outcome of a case." *DeSmet v. County of Rock Island*, 219 Ill. 2d 497, 509 (2006); see also *Green v. Chicago Board of Education*, 407 Ill. App. 3d 721 (2011) (the appellate court assumed, *arguendo*, that the Board owed Green a duty in order to reach the issue of whether the Board can claim immunity under the Act). For the reasons that follow, we hold that sections 4–102 and 2–205 of the Act immunize defendants from the tort liability alleged in plaintiffs' complaints.

¶ 12    Involuntary dismissal under section 2–619 is proper where the claim asserted "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2–619(a)(9) (West 2008)). The defense of immunity under the Act is an affirmative matter properly raised in a section 2–619 motion to dismiss. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). When reviewing a dismissal pursuant to section 2–619, the court views all pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* at 367-68. We review a section 2–619 dismissal *de novo*. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997).

¶ 13    The purpose of the Act is to shield "local public entities and public employees from liability arising from the operation of government." 745 ILCS 10/1–101.1 (West 2006). " 'By providing immunity, the legislature sought to prevent the diversion of public funds from their intended purpose to the payment of damage claims.' " *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill. 2d 484, 490 (2001) (quoting *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 378 (1995)). We interpret the Act as a whole, and construe each provision in relation to every other provision. *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 56 (1998). Government entities and employees bear the burden of proving immunity under the Act. *Van Meter*, 207 Ill. 2d at 370.

¶ 14    Section 4–102 of the Act provides:
>    "Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." 745 ILCS 10/4–102 (West 2006).

In *DeSmet*, our supreme court determined that section 4–102 "is comprehensive in the breadth of its reach, addressing situations where no police protection is provided *** and those in which inadequate protection is provided." *DeSmet*, 219 Ill. 2d at 515. Furthermore, since the provision does not contain an exception for willful and wanton misconduct, the legislature intended to immunize defendants from both negligence and willful and wanton misconduct. *DeSmet*, 219 Ill. 2d at 515; see also *Anthony v. City of Chicago*, 382 Ill. App. 3d 983, 989 (2008).

¶ 15    The *DeSmet* court, however, left open the slight possibility that section 2–202 of the Act provided a willful and wanton exception to section 4–102 as evidenced by *Doe v. Calumet City*, 161 Ill. 2d 374 (1994). It acknowledged the holding in *Doe* that the plaintiff stated a

cognizable claim for willful and wanton misconduct against Officer Horka pursuant to section 2–202. *DeSmet*, 219 Ill. 2d at 518. Section 2–202 states:

> "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2–202 (West 2006).

In distinguishing *Doe* from the case before it, the *DeSmet* court found the fact that Officer Horka "exercised control over the crime scene and over other officers" significant; therefore, the *Doe* court's application of section 2–202 as an exception to section 4–102 was "fact-specific" to that particular case. *DeSmet*, 219 Ill. 2d at 519. *Doe* created confusion as to whether section 2–202 articulated a willful and wanton exception to provisions such as 4–102, and our supreme court revisited the issue in a recent decision. In *Ries v. City of Chicago*, 242 Ill. 2d 205 (2011), *pet. for reh'g pending*, the court explicitly determined that to the extent *Doe* holds that section 2–202 provides a willful and wanton exception to immunities under the Act, it "is no longer good law." *Ries*, 242 Ill. 2d at 227. The *Ries* court reiterated its long-held view that "[w]hen the plain language of an immunity provision in the Tort Immunity Act contains no exception for willful and wanton misconduct," the legislature intended to provide immunity against both negligence and willful and wanton misconduct. (Internal quotation marks omitted.) *Ries*, 242 Ill. 2d at 224. Section 4–102 contains no exception for willful and wanton misconduct. If the provision applies here, defendants have unqualified immunity against plaintiffs' claims.

¶ 16    Plaintiffs contend that section 4–102 does not apply because the establishment of a police department or the provision of police protection services is not at issue in their case. Rather, they question only the failure of the villages and police departments to report Girard's arrest to District 211 as required by section 22–20 of the School Code. We look to the tort allegations contained in plaintiffs' complaint to determine whether their claims fall under a provision of the Act. See *DeSmet*, 219 Ill. 2d at 513. In their complaints, plaintiffs alleged that the municipal defendants intentionally and deliberately failed to properly train and supervise their employees, including Detectives Ulmer, Jameson, and Kwiatkowski, regarding the requirements of the reciprocal reporting agreements with District 211. They also alleged that defendants were aware of an existing custom or policy among their employees to refuse to abide by the reciprocal agreements. The failure to properly train and supervise employees, or to have in force procedures to ensure the adequate performance of their duties, "implicate[s] the structural adequacy of police protection services" provided by defendants, and such failure is immune from liability under section 4–102. *DeSmet*, 219 Ill. 2d at 513-14.

¶ 17    Furthermore, plaintiffs' allegations that defendants intentionally and deliberately failed to abide by the reciprocal reporting agreements, and intentionally and deliberately ignored the requirement to notify District 211 that a student committed an aggravated criminal sexual assault on a minor, implicate section 2–205 of the Act. Section 2–205 provides:

> "A public employee is not liable for an injury caused by his adoption of, or failure to adopt, an enactment, or by his failure to enforce any law." 745 ILCS 10/2–205 (West 2006).

Plaintiffs disagree that the Act applies, arguing that their complaints alleged defendants failed to follow, rather than failed to enforce, the law. Plaintiffs' complaints alleged that defendants did not follow the mandates of the School Code. The failure to follow the provisions of a statute is, in essence, the failure to enforce the statute. See *Bowler v. City of Chicago*, 376 Ill. App. 3d 208, 217 (2007) (failure to comply with provisions of the building code is the same as failure to enforce the building code). Furthermore, section 2–205, like section 4–102 addressed above, does not contain an exception for willful and wanton misconduct. Accordingly, under section 2–205 defendants are also immune from liability for claims of negligence and willful and wanton misconduct in failing to enact or enforce any law. The trial court properly dismissed plaintiffs' claims against defendants.

¶ 18    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 19    Affirmed.